20754

Pearl C. ALTMAN, Individually, and, as Administratrix of the Estate of James Manning Altman, Respondent, v. ERIE SAND STEAMSHIP COMPANY, Appellant.

(247 S. E. (2d) 338)

*Edward D. Buckley, of Bailey & Buckley,* Charleston, *for appellant.*

*Kerry W. Koon,* Charleston, *for respondent.*

August 30, 1978.

*Per Curiam:*

This appeal is from the lower court's order denying appellant's motion to quash the service of the complaint for want of jurisdiction. We reverse.

This appeal evolved from an action for an alleged breach of contract. Respondent Altman individually and as administratrix of her husband's estate sought to recover a death benefit of Ten Thousand ($10,000) Dollars pursuant to an employment contract between appellant Erie Sand Steamship Company (Erie) and her husband's union. The sole question on appeal is the correctness of the lower court's finding that Erie maintained sufficient contact with the State of South Carolina so as to subject it to the jurisdiction of our courts. We conclude Erie's contacts with the State of South Carolina are insufficient to confer jurisdiction upon our State courts.

*International Shoe v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), remains the standard by which the sufficiency of contacts are judged. That case held that a defendant must possess minimum contacts with the state before he can be considered to transact business within it. In the instant case, the only contacts relied upon by the lower court consisted of letters mailed to respondent informing him of his work schedule and checks sent to him in South Carolina as reimbursement for travel expenses to and from Pennsylvania. These contacts alone are insufficient to support the lower court's conclusion that jurisdiction was proper. Erie did no business in South Carolina nor was it domesticated here. To hold appellant subject to the jurisdiction of the courts of South Carolina would

offend traditional notions of fair play and substantial justice and hence would violate the due process clause of the United States Constitution.

Judgment is accordingly reversed.